## Kincer v. Kincer
### Case No. 2591
### Clark County, (2nd)
### Decided February 12, 1990
[Cite as 1 AOA 46]

*Thomas H. Busch, 200 North Fountain Avenue, Springfield, OH 45503, Attorney for Plaintiff-Appellee*

*John O. Martin, 26 North Wright Avenue, Fairborn, OH 45324, Attorney for Defendant-Appellant*

FAIN, J.

Defendant-appellant Herman Kincer appeals from a judgment of the trial court that held that he was obliged to continue to support his youngest child until the age of 21. He contends that this decision is contrary to the holdings of this court in *Colvin v. Colvin* (Mar. 5, 1987), Montgomery App. 10120, unreported, and *Johanson v. Johanson* (Jan. 20, 1989), Montgomery App. 11004, unreported. We agree with Mr. Kincer. Accordingly, the judgment of the trial court will be reversed, and this cause will be remanded for further proceedings consisted with this opinion.

### I

The parties were divorced in 1971. Mrs. Kincer was awarded custody of the three minor children of the parties. Paragraph 5 of the divorce decree provided as follows:

> It is further ordered that the custody of the minor children of the parties be and the same is vested in the plaintiff, subject to reasonable visitation rights reserved to the defendant and the defendant is ordered to pay to the plaintiff through the clerk of this court the sum of Forty-five ($45.00) Dollars per week as and for support payments for said children, all until further order of this court.

At the time of the decree, the age of majority in Ohio was 21 years.

On January 1, 1974, the age of majority in this state was changed from the age of 21 to the age of 18 by an amendment to R.C. 3109.01.

In March, 1989, Mrs. Kincer filed charges in contempt, a motion for an adjustment of support for the parties' youngest child, Lisa (born February 22, 1971), and also for a "declaratory finding by this Court" that Mr. Kincer's obligation to provide support for Lisa would continue until she had attained the age of 21, or was otherwise sooner emancipated. At the time of Mrs. Kincer's motion, Lisa was over the age of 18. On April 6, 1989, the trial court entered its decision granting Mrs. Kincer's motion for a declaratory judgment and for redetermination of child support. The trial court held that child support for Lisa would not terminate until she reaches the age of 21 or is otherwise sooner emancipated.

In its decision, the trial court noted that Mr. Kincer had paid support for the two older children until each had reached the age of 21, and observed that: "It is unthinkable, without specific language to the contrary in the Court's entry, that the parties intended for one age of majority to be applied to their two older children while another be used for their youngest child."

Mr. Kincer has appealed from the trial court's decision.

### II

Mr. Kincer's sole Assignment of Error is as follows:

> THE COURT BELOW ERRED IN DETERMINING THAT THE CHILD SUPPORT OBLIGATION CONTINUES UNTIL THE MINOR CHILD LISA

REACHED AGE TWENTY-ONE (21) OR IS
OTHERWISE EMANCIPATED.

Mr. Kincer relies upon *Colvin v. Colvin,
supra,* and *Johnson v. Johnson, supra,* in
support of his contention.

We agree with Mr. Kincer. In this case, as
in both of those cases, there is nothing in the
divorce decree to indicate that Mr. Kincer's
obligation to support his children was to
continue beyond their ages of majority--that is,
the age at which his obligation to support each
child would terminate if a divorce had not been
issued.

From the language in the trial court's
decision quoted above, it appears that Mr.
Kincer may have voluntarily continued to
provide support for his older children beyond
the age of 18, even though they became 18 after
that age became the age majority in Ohio. A
parent's voluntary provision of support to his
adult children should not be deemed to establish
an ongoing obligation to provide for their
support indefinitely. Otherwise, all parents,
whether divorced or not, would be deterred from
providing financial support to any of their adult
children, for fear that that would then
encumber them with an obligation to provide
support to their other children beyond the age
of majority. Such a result would not be in the
public interest.

If Mr. Kincer had remained married, he
would have had no obligation to provide support
for his children, respectively, after each had
reached the age of 18.

We see no reason why a different result
should obtain simply because Mr. Kincer
became divorced, in the absence of any language
in the divorce decree obligating him to continue
support for his children beyond the age of 18.
*Colvin v. Colvin, supra.*

Mr. Kincey's sole Assignment of Error is
sustained.

### III

Mr. Kincer's sole Assignment of Error
having been sustained, the judgment of the trial
court will be reversed, and this cause will be
remanded to the trial court for further
proceedings consistent with this opinion.

BROGAN and WILSON, JJ., concur.